UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**TONY JOSEPH TABOR**  　　　　CIVIL ACTION NO. 5:15-cv-2203
　　**LA. DOC #478277**
VS.　　　　　　　　　　　　　SECTION P

　　　　　　　　　　　　　　　JUDGE ELIZABETH E. FOOTE

**JERRY GOODWIN, ET AL.**　　MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* plaintiff Tony Joseph Tabor, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 17, 2015. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections; he is incarcerated at the David Wade Correctional Center (DWCC) and complains that because he suffers from Guillain-Barré Syndrome his lower body is cold and he needs to be provided with warmer clothing. He sued Warden Jerry Goodwin, Dr. Pamela Heard, Chief of Security Lonnie Nail, Nurse Paula Milwee and Dr. Fuller praying for an order directing the defendants to provide warmer clothing and for damages in the amount of $8,000. In a motion filed on September 15, 2015, plaintiff seeks an order directing the medical staff at DWCC to provide plaintiff with a copy of his complete medical record. [Doc. 9]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Statement of the Case

Plaintiff is a DOC inmate confined at the DWCC. He suffers from Guillain-Barré Syndrome and one of the symptoms he experiences is "coldness" in his lower extremities which he claims is brought about by nerve damage.

On March 5, 2015, he submitted a hand-written grievance in which he claimed that he

was exposed to "unreasonable hazardous living conditions such as extremely cold temperatures between eighteen and thirty degrees without access to adequate clothing..." He concluded his grievance by asserting "... I certainly seek relief at this time since we just came out of one of the coldest winters in Louisiana history and my legs are still frozen..." [Doc. 1-2, p. 3] This grievance was assigned Case Number DWCC-2015-0218 and on June 8, 2015 Unit Head Angie Huff responded as follows:

> I have reviewed your grievance dated 05/Mar/2015 concerning your complaint in relation to being subjected to hazardous living conditions. During the course of this review, I have requested and received written correspondence from the South Compound Unit Manager, Col. Nail, who adamantly denies your allegations. Col. Nail states that on the date cited in this complaint, you were assigned to Disciplinary Detention/Extended Lockdown but were not on any type of isolation or strip cell status. Consequently, you were able to be in possession of underclothing (tee shirt, underwear), a sweat shirt, socks, shoes, and a jumpsuit, which is more than adequate for warmth inside a building which is centrally heated. Col. Nail asserts that log book entries for the day before and the day of this complaint both indicate that the lobby temperature in your housing unit was 70°. Tier temperatures are generally warmer by 1-2 degrees as vents for the heating system are located at each cell. Col. Nails adds that the institutional medical and mental health departments are both aware of any physical or mental conditions you may have but have not issued any specific remedies, measures and/or precautions in relation to your physical or mental health or living conditions. Col. Nail insists that your claims of being subjected to temperatures between 18° and 30° are irrational and untrue. You have not provided any tangible evidence to substantiate your claims, nor have you presented any verifiable information to discredit or dispute the statement of this officer. [Doc. 1-2, p.1]

Plaintiff's appeal of this response was rejected by DOC Headquarters on July 31, 2015. [Doc. 1-2, p. 2]

In a grievance directed to Dr. Hern and dated "12-2-15" (presumably February 12, 2015) he complained that "nerve damage in my legs ... give me extreme pain in the cold..." He requested a duty status to permit the use of his blanket and to provide "appropriate clothing to

2

keep my legs warm..." [Doc. 1-2, p. 4]

In a grievance directed to Nurse Milwee dated June 19, 2015, he complained that his placement "in solitary" and the conditions therein including "the cold air and lack of movement" agitate his condition. He further complained that "even when normal people such as yourself [are] 'warm' and or comfortable my legs feel cold to me and low temperatures definitely are an aggravating factor to my nerve damage..." [Doc. 1-2, pp. 5-7]

## *Law and Analysis*

### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

The law allows courts not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728,

1733, 118 L.Ed.2d 340 (1992).

### 2. Conditions of Confinement

Plaintiff complains about conditions of confinement. Such complaints are analyzed under the Eighth Amendment which proscribes cruel and unusual punishment. While the Eighth Amendment does not prohibit punishment it does prohibit cruel and unusual punishment including the unnecessary and wanton infliction of pain. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Additionally, while the Eighth Amendment does not mandate comfortable prisons, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999).

Federal courts employ a two-part test to determine whether a prisoner has established an Eighth Amendment violation. *Harper,* 174 F.3d at 719. First, there is an objective requirement that the plaintiff demonstrate conditions "so serious as to deprive prisoners of the minimal measure of life's necessities," as when the prisoner is denied "some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Second, under a subjective standard, it must be shown that the responsible prison officials acted with deliberate indifference to the prisoner's conditions of confinement. *Woods*, 51 F.3d at 581. "The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation marks and citations omitted) (emphasis added).

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive

and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Id.* However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment. *Id.*" *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

Plaintiff's complaint simply does not rise to the level of Eighth Amendment violations. Plaintiff may be clearly inconvenienced or uncomfortable from time to time; however, this inconvenience or discomfort does not amount to cruel and unusual punishment. To rise to the level of a constitutional violation, the conditions must be " 'so serious as to deprive [plaintiff] of the minimal measure of life's necessities... '"*Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir.2003) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)).

Further, in order to prevail on such a claim, the plaintiff must demonstrate not only that he was exposed to a substantial risk of serious harm, but that he actually suffered some harm that was more than *de minimis*. *See Siglar v. Hightower*, 112 F.3 191, 193-94 (5th Cir.1997); *Alexander v. Tippah County, Miss*, 351 F.3d at 630-31; *Luong v. Halt*, 979 F.Supp. 481, 486 (N.D.Tex.1997). Plaintiff has alleged in conclusory fashion that the conditions of confinement have caused him to suffer from the cold. Under the circumstances, the harm suffered was clearly *de minimis*.

Finally, in addition to money damages, plaintiff seeks injunctive relief – an order directing defendants to provide "warmer clothing." As noted, this complaint concerns prison conditions; as such, the Prison Litigation Reform Act (PLRA) imposes restrictions on the authority to grant an injunction. The PLRA provides that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of

5

the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1). Thus, the PLRA prohibits an order granting prospective relief or a preliminary injunction unless the court first finds that such relief is: (1) narrowly drawn; (2) extends no further than necessary to correct the harm; and (3) is the least intrusive means necessary to correct that harm. See 18 U.S.C. §§ 3626(a)(1)(A), 3626(a)(2). The PLRA codifies long standing jurisprudential rules which have recognized that the judiciary is ill equipped to micro-manage a jail's day-to-day operations. Put another way, federal courts are loathe to intervene when inmates complain of trivial inconveniences. Such judicial restraint is appropriate because the federal constitution simply is not concerned with a *de minimis* level of imposition. Here, there is no indication that additional clothing will even address the neuropathy that plaintiff claims to experience. The Court should decline plaintiff's invitation to micro-manage the clothing practices of DWCC.

### 3. Fanciful Claims

As noted above, the courts, when considering *in forma pauperis* prisoner complaints have not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). To the extent that plaintiff maintains as he did in his grievance, that he was exposed to temperatures between 18° and 30° in his cell or housing tier, his claims are manifestly irrational. Clearly, these claims are delusional and for that reason plaintiff's complaint should be dismissed.

### Conclusion and Recommendation

In light of the following recommendation, plaintiff's Motion to Compel [Doc. 9] is

**DENIED**; and,

IT IS RECOMMENDED THAT plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, October 5, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**